TAYLOR (BAKER v.). See Case No. 782.

TAYLOR (BANK OF ALEXANDRIA v.). See Case No. 854.

TAYLOR v. BATTLE CREEK. See Case No. 13,735.

TAYLOR (BATTLE CREEK v.). See Case No. 13,735.

---

## Case No. 13,779.

### TAYLOR v. BEMIS.

[4 Biss. 406; Cox, Manual Trade-Mark Cas. 132.] [1]

Circuit Court, N. D. Illinois. Jan., 1864.

TRADE-MARK — INTANGIBLE INTERESTS — EQUITY— DECREE FOR SALE.

1. A court of equity has no power to decree the sale of a partner's interest in a firm brand

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. Cox, Manual Trade-Mark Cas. 132, contains only partial report.]

or trade-mark. Such an interest is too intangible.

2. Before decreeing a sale of an alleged interest of a partner, the court must be satisfied that the object or interest sought to be sold has some substantial, tangible value.

The bill in this case alleged the recovery of a judgment in the superior court of Chicago in favor of plaintiffs against H. V. Bemis; that an execution was returned not satisfied, and that the judgment was still due and unpaid; that Bemis was engaged in business in Chicago, as a member of the firm of Downer, Bemis & Co., manufacturers and dealers in ale, his interest in which firm this bill designed to reach. The bill alleged that Washington Smith held the property of Bemis under a mortgage, and that this mortgage was only a pretended mortgage and made to cover up Bemis's property. Answers were filed by Bemis, Downer, Washington Smith and others, admitting some of the facts alleged in the bill, but denying that Bemis had any interest or property which could be levied upon.

E. S. Smith, for complainant.

F. B. Peabody, for defendant.

DRUMMOND, District Judge. The proof shows Bemis was engaged in a partnership with Mr. Downer, under the firm name of Downer, Bemis & Co., agents and vendors of ale, and that they carried on a very considerable business—the manufacture and sale of ale; and it also appears that the brand of Downer, Bemis & Co. had acquired a certain reputation, and it is claimed that the interest of Bemis in this brand is subject to the disposition of a court of equity, in order to enable the plaintiffs to recover a part if not the whole of their judgment. This is the first point made by the plaintiffs' counsel, which affects the interest of Bemis and is called the trade-mark of Downer, Bemis & Co., as manufacturers and vendors of ale.

It is, secondly, claimed that Bemis had an interest in the assets of the firm of Stauver, Bemis & Murray, that formerly transacted business in Cleveland before Bemis came to Chicago, and that it is subject to the disposition of a court of equity, in order to enable the plaintiffs to realize their judgment.

These are the grounds on which the plaintiffs ask for a decree, and I do not think either of them is tenable.

First. As to the right of the court to order the sale of the interest of Bemis in the brand or name of Downer, Bemis & Co., agents and manufacturers and vendors of ale: Downer says in his examination that he and Bemis, not Bemis alone, established the name together. He also says that he had no more right in the name than Bemis. It is true that he says he has no interest in the name, but that is merely his opinion, and he expresses the same of Bemis's interest. The interest of Bemis would be merely his right to a part of the name or brand, and I cannot see that he has any distinct, tangible

value separate from its connection, which is the subject of sale or upon which the decree of the court can act. One of the arguments of plaintiffs' counsel is that Downer himself admits he has no interest in the name, and therefore the conclusion is that Bemis has all the interest. It is clear from the proof that Downer has just as much interest as Bemis. They both established the name or brand together; they both carry on the business together; and he (Downer) says in his testimony that he has no interest, and he thinks that Bemis has none.

There do not appear to be any special circumstances in the case to authorize the court to decree the sale of the indefinite, intangible interest of Bemis in this mere name or brand. It is too shadowy a right for the court to interfere. The court cannot see distinctly that there is any substantial interest which is the subject of sale, because, as I have already said, the interest of Bemis would be his right to a part of the name or brand and no more, and of course it would be only a company interest, whatever that might be, which might or might not be of some value. It does not affirmatively appear that it is of any distinct or tangible value.

Second. This same principle is applicable to the interest of Bemis in the partnership of Stauver, Bemis & Murray. The court has no means of knowing whether the separate interest after the settlement of the firm is of any value whatever, and I think a court of equity ought to know before making a decree in such a case that there is some tangible interest which can be sold which would be of some value. Here it rather affirmatively appears it would be of no value whatever.

The bill will be dismissed.